In the Matter of BERNARD DEUTSCH et al., a Partnership Doing Business under the Trade Name of DEUTSCH AND SEGAL ELECTRICAL COMPANY, Petitioners, v. M. P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.

First Department, November 18, 1971.

*Richard T. Monahan* for petitioners.

*Charles A. La Torella, Jr.*, of counsel (*Samuel A. Hirshowitz* and *Barton R. Sadowsky* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

*Per Curiam.* In the fall of 1965 petitioners became the successful bidder for the electrical work on a State Armory in Manhattan. In estimating their cost, petitioners relied on the prevailing rates for the workmen that they expected to use on the job. The classes of workmen and rate of wages were specified in the con

tract. The only classes listed for electrical work were " electrician " and " electrician-apprentice — 1st term." The schedules of trades and wages were posted on the job site in accordance with the contract and legal requirements. Work commenced in early 1966.

The Legislature enacted chapter 976 of the Laws of 1966 effective September 1, 1966. As a result, subdivision 3 of section 220 of the Labor Law was amended to include the provision that no employee shall be deemed to be an apprentice unless he is individually registered in an apprenticeship program which in turn is registered with the Industrial Commissioner. In July, 1967, section 220 was again amended by adding a provision (subd. 3-e) that apprentices will be permitted to work as such only when they are registered, individually, under a bona fide program registered with the New York State Department of Labor. The claimants had been hired and paid as electrician apprentices.

Almost two years after work had commenced, claimant Reginald Best filed a complaint with the Department of Labor, claiming that he had been underpaid while working for the petitioners on this job. Following a preliminary investigation by the Bureau of Public Works of the Department of Labor, petitioners were accused of having violated subdivision 3 of section 220 of the Labor Law. A hearing was held on July 16, 1968. On September 16, 1968, the hearing officer filed his report finding that all eight claimants were hired by petitioners and did the work of mechanic electricians and that they had received less than mechanic's wages. He also found that pursuant to subdivision 3 of section 220 of the Labor Law, petitioners were obligated to pay mechanic's wages to the claimants as of September 1, 1966, since none of them were duly registered apprentices on or after that date. His report was in all respects adopted by the Industrial Commissioner on October 9, 1968 and a direction to the Department of Audit and Control to pay claimants various amounts out of funds due and withheld from petitioners followed.

The eight employee-claimants were all hired and compensated at the rate then prevailing for apprentices rather than journeymen, a higher pay classification on the job. It is conceded that none of them had been registered as provided in subdivision 3 of section 220.

Only five of the eight claimants testified at the hearing. The five characterized their hiring as having been in the capacity of electrician or mechanic. This self-serving characterization of their work was received without establishing a foundation for

their understanding of the terminology as applied to the different classifications.

The subsequent enactments of law may not be applied retroactively to the contract for the performance of which the complaining employees were hired. It is the general rule that an amendment will have prospective application only, unless its language clearly indicates that it shall receive contrary interpretation. (McKinney's Cons. Laws of N. Y., Statutes, Book 1, § 52; *Matter of Mulligan* v. *Murphy,* 14 N Y 2d 223, 226; cf. *Matter of Kramer* v. *Tofany,* 35 A D 2d 237, 238.) Petitioners had fully entered into the performance of their work under a contract antedating enactment of the amendments. Any other interpretation of the 1966 and 1967 amendments would raise substantial constitutional questions. It is familiar doctrine that a court will, if reasonably possible, avoid deciding constitutional questions. In the case at bar that question would concern the impairment of the obligations of contracts, since one of the parties to the contract has enacted legislation that makes performance by the other party more onerous if the legislation is held to be retroactively applicable to the 1965 contract.

In the event we did not annul the determination and dismiss the proceedings, we would remand for further appropriate proceedings. The record before us is incomplete — it omits, among other things, the very determination that is attacked. Of the eight employees who are said to have made complaints, only five testified. The determination, to the extent that it favored the remaining three employees, had the effect of depriving the petitioners of their right of cross-examination. (Cf. *Matter of Erdman* v. *Ingraham,* 28 A D 2d 5 [1st Dept., 1967].) There is no evidence in the record by which it could be determined what work each employee actually performed so as to fix the appropriate wage rate pursuant to subdivision 3 of section 220 of the Labor Law. And with respect to those employees that did testify, as above indicated, the lack of any foundation or definition of the labels that they attached to the work they performed renders their testimony wholly inadequate to predicate a valid determination by the Commissioner.

The determination of the New York State Industrial Commissioner entered October 9, 1968 directing the New York State Department of Audit and Control to pay certain sums of money to eight claimants for labor performed on a public work project for petitioners should be annulled, and the proceeding against the petitioners dismissed, on the law, with costs and disbursements to petitioners.

MARKEWICH, J. P., NUNEZ, KUPFERMAN, MURPHY and TILZER, JJ., concur.

Determination of respondent entered on October 9, 1968, unanimously annulled, on the law, and the proceeding against the petitioners dismissed. Petitioners shall recover of respondent $50 costs and disbursements of this proceeding.